1  Kory Dean Krieger (In Pro Per)
   11241 North 108th Place
2  Scottsdale, AZ 85259
   Email: korykrieger@earthlink.net
3  Telephone: 818 984 5755

✓ FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 1 4 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KORY DEAN KRIEGER,<br><br>            Plaintiff,<br><br>     vs.<br><br>ARROW FINANCIAL, LLC; GUGLIELMO & ASSOCIATES; PAUL D. GUGLIELMO; RICHARD REED and ABC ENTITIES 1-10<br><br>            Defendants. | Case No.: **CIV '11 2004 PHX DGC**<br><br>COMPLAINT-DEMAND JURY TRIAL<br><br>**1. Violation of Fair Debt Collections Act Section 806 (15 UC 1692d)**<br>**2. Violation of Fair Debt Collections Act Section 807. False or misleading representations [15 USC 1692e]**<br>**3. Violation of Fair Debt Collection Section § 809. Validation of debts [15 USC 1692g]**<br>**4. Violation of Fair Debt Collection Section 808. Unfair practices [15 USC 1692f]**<br>**5. Violation of Fair Debt Collection Section § 812. Furnishing certain deceptive forms [15 USC 1692j]**<br><br>**SUPPLEMTAL JURISDICTION**<br>**6. Conspiracy (all counts)**<br>**7. Fraud**<br><br>**Constitutionality of State Statutes**<br><br>**8. Arizona Civil Rule 16(f); Rule 80(a); and Rule 75 (h) (Weighed against Article 1; Section 10; Clause 1 of Federal Constitution)** |

    COMES NOW, Plaintiff Kory Dean Krieger (hereinafter "plaintiff" or "Krieger")
in his complaint against defendants and states as follows:

**JURISDICTION AND VENUE**

1. Federal Question Subject Matter Jurisdiction

Plaintiff's Complaint

Article III of the United States Constitution permits federal courts to hear such cases, so long as the United States Congress passes a statute to that effect. However, when Congress passed the Judiciary Act of 1789, which authorized the newly created federal courts to hear such cases, it initially chose not to allow the lower federal courts to possess federal question jurisdiction for fear that it would make the courts too powerful. The Federalists briefly created such jurisdiction in the Judiciary Act of 1801, but it was repealed the following year, and not restored until 1875. The statute is now found at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff brings the instant action under the Fair Debt Collection Practices Act. The **Fair Debt Collection Practices Act** (**FDCPA**), 15 U.S.C. § 1692 et seq., is a United States statute added in 1978 as Title VIII of the Consumer Credit Protection Act. Its purposes are to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection, and to provide consumers with an avenue for disputing and obtaining validation of debt information in order to ensure the information's accuracy. The Act creates guidelines under which debt collectors may conduct business, defines rights of consumers involved with debt collectors, and prescribes penalties and remedies for violations of the Act. It is sometimes used in conjunction with the Fair Credit Reporting Act.

2. Venue

The activities causing this suit all occurred from a lawsuit filed in Maricopa County Superior Court, Phoenix Arizona. Defendant Gugliemo and Associates is a law firm located in Tucson, Arizona. Paul D. Guglielmo and Richard Reed are Attorneys licensed in Arizona. The foregoing defendants caused a lawsuit to be filed in Maricopa County Superior Court styled Arrow Financial vs. Kory Dean Krieger. Defendant Arrow Financial is the Plaintiff in the said lawsuit. All activities causing the instant suit occurred less than one mile from the court where this suit is filed.

3. Personal Jurisdiction

All defendants captioned in this suit availed themselves of the Jurisdiction of this court by filing the suit previously noted in the Maricopa County superior Court. (See exhibit)

## PARTIES TO SUIT

4.    Plaintiff Kory Dean Krieger is an individual residing in Scottsdale, Arizona.

5.    Defendant Arrow Financial Services LLC. is a limited liability corporation place of incorporation unknown at this time.

6.    Defendant Paul D. Guglielmo is an individual employed with Guglielmo and Associates.

7.    Defendant Richard Reed is an individual employed with Guglielmo and Associates.

**SUPPLEMENTAL JURISDICTION**

8.    Plaintiff seeks to add claims not falling within the ambit of Federal question Jurisdiction. The court has jurisdiction over such claims under the supplemental jurisdiction statute as noted in Paragraph Number 9.

9.    Supplemental jurisdiction is the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367 is a codification of the Supreme Court's rulings on ancillary jurisdiction (*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)) and pendent jurisdiction (*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)) and a superseding of the Court's treatment of pendent party jurisdiction (*Finley v. United States*, 490 U.S. 545 (1989)).

10.   By default, courts have supplemental jurisdiction over "all other claims that are so related . . . that they form part of the same case or controversy" (§ 1367(a)). This means a federal court hearing a federal claim can also hear substantially related state law claims, thereby encouraging efficiency by only having one trial at the federal level rather than one trial in federal court and another in state court. However, if the case is brought as a diversity action (i.e., each defendant comes from a state different than each plaintiff), there generally is no supplemental jurisdiction if such claims would destroy complete diversity. See *Exxon Mobil Corp. v. Allapattah Services, Inc.* Courts are also free to decline to exercise supplemental jurisdiction in specified or exceptional circumstances (§ 1367(c)).

**SUMMARY OF SUIT**

11.   Plaintiff brings this suit against Arrow Financial Services, LLC, Guglielmo and Associates, Paul D. Guglielmo and Richard Reed charging Violation of the Fair Debt Collection Act. The foregoing entities brought suit against plaintiff in Maricopa County Superior Court house, Phoenix Arizona. Such Complaint is attached hereto.

12.   **COUNT I  Violation of Fair Debt Collections Act Section 806 15 USC 1692d (Against all defendants)**

Plaintiff alleges that defendants failed to validate the debt in the related case but nonetheless brought suit against plaintiff in the Maricopa County Superior Court. Plaintiff alleges that such suit was brought as a means of harassment and abuse in violation of 15 USC 169d and the Fair Debt Collections Act § 806, codified as Harassment or abuse [15 USC 1692d]

The particular sections under which plaintiff brings this action is noted below.

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3)[1] of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

**14. Count II. Violation Fair Debt Collection Act § 807. False or misleading representations [15 USC 1692e](Against all defendants)**

Defendant also engaged in misleading representations, in particular that it had standing and that it filed suit in the related case notwithstanding that it lacked any admissible evidence to file such suit.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to --

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

15. **Count III Validation of Debts Fair Debt Collection Section § 809. Validation of debts [15 USC 1692g] (against all defendants)**

Defendant failed to validate debt in the related case as required by statute noted herein under count III.

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to

16. **Count IV Violation of Fair Debt Collection § 808. Unfair practices [15 USC 1692f] (Against all defendants)**

Defendant engaged in unconscionable practices by filing suit and pleading false allegations lacking admissible evidence.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true propose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.


**17. Count V Fair Debt Collection § 812. Deceptive forms [15 USC 1692j] (against all defendants )**

Defendant in the related action deceived the Maricopa County court by filing false pleadings lacking merit and providing deceptive forms to plaintiff.

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.

**18. Count VI Civil Conspiracy (Against all Defendants and applied to all counts)**

(A) Defendants engaged in a voluntary agreement to participate in an overt act to commit a fraud against Plaintiff via false pleadings, misleading documents, misleading calculation of damages, among forms of deception;

(B) Defendants had an understanding among them of the unlawful nature of a deception plan and knowingly and willfully joined in that plan on more than one occasion. A conspiracy may exist when the parties use legal means to accomplish an illegal result, or to use illegal means to achieve something that in itself is lawful.

**19.   Fraud (Against all defendants)**

Elements of fraud:

1. Defendants here and plaintiff's in the underlying case made assertions and or statements to plaintiff:

Defendants stated that it had an assignment from Washington Mutual Bank;
Defendants asserted in the related case that Arizona was the correct choice of law;
Defendants asserted that it complied with all the related condition precedents in the credit agreement which is the subject of the related case;
Defendants asserted that it correctly filed suit regarding the related case in the correct forum;

2. These statements or failure to correct assertions led to false to falsehoods;

Defendants assertions noted above were all false

3. These statements were of a material nature;

These false statements were material because they intended and needed as support for a judgment against plaintiff in the related case.

4. At the time defendants made such statements they knew it was false or misleading.

The defendants knew that there statements were false and misleading. They knew that plaintiff here/defendant there did not have an account with Washington Mutual Bank because there documents argue that Washington Mutual Bank Henderson Nevada was the alleged holder of the credit agreement which is subject of the related case.

5. They meant for plaintiff to rely on said material false statements

Defendants false statements were made in order for Plaintiff to concede as to material facts such as debt owed and what entity owed the debt.

6. Plaintiff here did not know the statement was misleading or false at the tie the statement was made.

7. Plaintiff here relied on such statement

8. Plaintiff's reliance was justified.

Plaintiff's Complaint

Plaintiff relied on defendants false statements. Defendant has spent hundreds of hours at a great expense defending defendants false statements.

9. Plaintiff suffered damages as a result of such reliance.

Plaintiff incurred expenses such as filing fees, travel time, gas expense, et cetera.

20. **Constitutionality of State Statute**

    (a) The Honorable John Rea issued sanctions against defendant as a violation of Arizona Civil Rule 16 (f); 80(a) and 75(h). The sanctions were issued in the related case which is attached here.

    (b) The ruling violates Article 1, Section 10, clause 1 of the US Constitution because the underlying contract under which Defendant brought suit in the related case filed in Maricopa County has a choice of law clause, mandatory arbitration provision as a condition precedent to filing suit which the honorable state court refuses to enforce thus violating the Federal Constitution because if the foregoing terms were enforced by the state court, it would not have jurisdiction to heart the dispute and so lacked authority to order sanctions.

21.     **Prayer for relief**

Plaintiff seeks the following relief against all defendants:

(a) Punitive and or exemplary damages as to fraud and conspiracy;
(b) Actual damages;
(c) Cost of suit;
(d) Expenses incurred in bringing this suit;
(e) An order striking the state court order and proceeding;
(f) All other remedies deemed just and equitable by this court.

Respectfully submitted;

KORY KRIEGER

11241 North 108th Place

Scottsdale, Arizona 85259

(818)984-5755

Executed on this _14th_ day of _OCTOBER_, _2011_____.

Plaintiff's Complaint

EXHIBIT 1

MARICOPA COUNTY SUPERIOR COMPLAINT

**GUGLIELMO & ASSOCIATES**
3040 N Campbell Avenue Suite 100
Tucson, Arizona 85719
(520) 325-5700 Fax (520) 325-2480
BY:      Guglielmo & Associates
ATTORNEYS FOR PLAINTIFF

MICHAEL K. JEANES, CLERK
RECEIVED CCC #5
DOCUMENT DEPOSITORY

09 AUG -4 AM 8: 54

FILED
BY _A. Asher_, DEP.

PAID
1115 8163
301⁰⁰

Superior Court of the State of Arizona
201 W. Jefferson, Phoenix AZ 85003
In and for the County of Maricopa

Arrow Financial Services, LLC,                    )          No:
                    Plaintiff,                    )
                                                  )          CV2009-023890
vs.                                               )
Kory Krieger                                      )          COMPLAINT
&                                                 )
Jane Doe Krieger                                  )
                    Defendant(s)                  )          (Breach of Contract; Account-Stated; Open-ended
                                                  )           Contract)
_____                )
                                                  )

The Plaintiffs Claims as follows:

1.       The Defendant(s) is/are resident(s) of Maricopa County, Arizona and this court has jurisdiction.

2.       The Defendant(s), Kory Krieger & Jane Doe Krieger , opened an account(s) with **WASHINGTON**

**MUTUAL BANK** promising to make monthly payments for services charged to the account(s).

3.       The Plaintiff did take an assignment of said Credit Account(s) in good faith, for value and in the regular

course of business.

4.       The Defendant(s) did make charges to the account(s), but the Defendant(s) failed to make the monthly

payments due on the account(s).  There is an account(s) stated in the amount of $ 11366.26.

5.    The Plaintiff declared the account(s) to be in default and demands payment of the $ 11366.26. balance.

6.    If any Defendant was or became married during the time extensions of credit were made on the account(s), Plaintiff alleges the debt on the account(s) to be both community and separate in nature.  If the debt is a pre-marital one, the non-debtor spouse is joined only as a necessary party pursuant to Arizona law;

WHEREFORE, Plaintiff prays for Judgment against Defendant(s), both separately and as a community, if applicable, and each of them, for the amount stated above, plus contract/legal interest, costs, attorney's fees if contested and such other relief as the Court deems just and proper.

DATED July 30, 2009

Guglielmo & Associates

By:_____
Valerie Dillard STATE BAR #026864/PCC#66185
Paul D. Guglielmo STATE BAR #005585/PCC# 22308

Debtor Id: 418586800184O924

Revised 1/3/07 - AAA

EXHIBIT II

Ruling by State Court Awarding State Sanctions

State court has refused to enforce the forum selection clause of the underlying alleged credit agreement. The state court does not have authority to hear the underlying case because enforcement of the forum selection clause would place the case apart from the State Court.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
08/16/2011 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-023890                                              08/12/2011

                                                  CLERK OF THE COURT
HON. JOHN REA                                           L. Gilbert
                                                         Deputy


ARROW FINANCIAL SERVICES L L C          RICHARD R REED JR.

v.

KORY KRIEGER                            KORY KRIEGER
                                        11241 N 108TH PL
                                        SCOTTSDALE AZ  85259


                                        PATRICIA N SYVERSON
                                        COURT ADMIN-CIVIL-ARB DESK



MINUTE ENTRY


        Pending before the Court are Plaintiff Arrow Financial's Motion for Sanctions Pursuant
to Rule 16(f) and § 13-349 and Defendant Krieger's Motion to Dismiss for Lack of Standing and
Motion for the Court to Report Plaintiff Attorney Misconduct.  After the hearing on
June 17, 2011, the Court took the contested issues under advisement and now makes the
following ruling:

        Arrow Financial alleges in its Complaint that it is the assignee of a credit card account
opened by Defendant Krieger with Washington Mutual Bank.  Arrow Financial alleges that over
$11,000 is unpaid on the account.  Defendant Krieger questions whether Arrow Financial has a
valid assignment of the account.

        Because of the amount in controversy, the case is subject to the court's rules on
compulsory arbitration.  An arbitrator was appointed and a hearing scheduled.  After the date set
for the hearing, the Court received a letter from the Arbitrator.  The Arbitrator stated that shortly
after the hearing began, "Krieger became quite confrontational, to the point of making it

Docket Code 926                         Form V000A                              Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-023890                                      08/12/2011

impossible for either I or Plaintiff's attorney . . . to speak." The hearing was ultimately terminated prematurely. The Arbitrator sought guidance from the Court on how to proceed.

Arrow Financial filed a Motion for Sanctions based on Mr. Krieger's behavior at the arbitration hearing. The Plaintiff accuses Mr. Krieger of profanity, personal insults, and threats of physical harm to Plaintiff's counsel at the hearing.

At the hearing on June 17, it became apparent that there is no real dispute on what occurred at the hearing. Mr. Krieger called Plaintiff's counsel a "fucking prick" several times. Mr. Krieger personally taunted Plaintiff's counsel about his experience in practicing law. At least once, Mr. Krieger stated that in the Marines, people like Plaintiff's counsel ("little shits" like Plaintiff's counsel) would be taken behind the barracks and beaten. Plaintiffs' counsel reasonably took this as a personal threat. Even if not a genuine threat, the comment was, in the most generous interpretation, intended to intimidate. In addition to his language, Mr. Krieger's behavior did not allow the hearing to proceed in an orderly fashion and the hearing was terminated.

At the June 17 hearing, Mr. Krieger did not deny his behavior at the arbitration hearing but sought to excuse it. Mr. Krieger offered a letter from a psychologist stating that he suffered a brain tumor and now has been diagnosed with Intermittent Explosive Disorder. Intermittent Explosive Disorder is a diagnosis found in the DSM-IV at 312.34.

Mr. Krieger has not raised his "disability" before and has controlled his behavior and participated in several hearings before the Court without incident.

The circumstances of this case call into play several civil rules, as well as the Court's inherent power to control judicial proceedings. Civil Rule 16(f) allows the imposition of sanctions for failure to obey a scheduling or pretrial order. The comment to the 1991 amendments to the rule notes that the 1991 amendments expanded the sanctions available to the court for noncompliance "with not only the letter but the spirit of the rule." Rule 80(a) requires that trials "shall be conducted in an orderly, courteous and dignified manner," and "Arguments and remarks shall be addressed to the court" except by permission of the court.

Rule 75(h) provides that failure to appear or to participate in good faith at an arbitration hearing shall constitute a waiver of the right to appeal absent a showing of good cause.

Mr. Krieger's behavior was improper and unacceptable in a court proceeding. His "disability" is not an excuse. Sanctions are appropriate.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-023890                                         08/12/2011

IT IS ORDERED Plaintiff is awarded attorney's fees and costs for preparation and attendance at the arbitration hearing. Plaintiff is also awarded attorney's fees and costs associated with the Motion for Sanctions and the hearing on the Motion for Sanctions. Plaintiff is awarded attorney's fees associated with preparation of an affidavit of attorney's fees for the previous sanctions. The Court will enter an enforceable judgment in favor of Plaintiff and against Mr. Krieger for the amount of the sanctions. Plaintiff shall submit a form of judgment.

IT IS FURTHER ORDERED the arbitration hearing shall reconvene at the convenience of the Arbitrator. The hearing shall occur in the courthouse and shall be recorded by audio and video recording. Any party or the Arbitrator may request the presence of a deputy at the hearing. The Arbitrator may communicate with the Court's Judicial Assistant to schedule the hearing.

The Court greatly appreciates the Arbitrator's patience and dedication in her conscripted labor.

IT IS FURTHER ORDERED any further misbehavior by Mr. Krieger will result in an order striking his pleadings and the entry of default against him.

IT IS FURTHER ORDERED Plaintiff's Motion to Dismiss is denied.

IT IS FURTHER ORDERED Mr. Krieger's Motion to Dismiss for Lack of Standing is denied.

IT IS FURTHER ORDERED Mr. Krieger's Motion for the Court to Report Attorney Misconduct is denied. The Court has no personal knowledge of any misconduct by Plaintiff's attorney and has found no persuasive evidence of any misconduct. Mr. Krieger is, of course, free to make any request of the State Bar that he believes is appropriate.

ALERT: eFiling through AZTurboCourt.gov is mandatory in civil cases for attorney-filed documents effective May 1, 2011. See Arizona Supreme Court Administrative Orders 2010-117 and 2011-010. The Court may impose sanctions against counsel to ensure compliance with this requirement after May 1, 2011.